IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES OTIS CLARY | § | |
| | § | |
| V. | § | A-14-CA-912-SS |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

I. STATEMENT OF THE CASE

A.   Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas. Petitioner was convicted of murder pursuant to a plea bargain agreement and was sentenced to life in prison on September 19, 1985. Petitioner waived his right to appeal.

Nevertheless, Petitioner challenged his conviction or detention in five state applications for habeas corpus relief. The first was denied without written order on June 18, 1986. Ex parte Clary, No. 15,933-01. The second was denied on October 18, 1989. Id. at -02. The third[1] was signed by Petitioner on February 18, 2010, file-marked by the Williamson County District Clerk on February 25, 2010, and denied without written order on the trial court findings without a hearing by the Texas Court of Criminal Appeals on October 6, 2010. Id. at -03. The fourth[2] was unsigned, file-marked by the Williamson County District Clerk on April 19, 2012, and dismissed as non-compliant by the Texas Court of Criminal Appeals on May 23, 2012. Id. at -04. Finally, the fifth[3] was signed by Petitioner on July 14, 2014, file-marked by the Williamson County District Clerk on July 17, 2014, and dismissed as successive by the Texas Court of Criminal Appeals on August 20, 2014. Id. at -05.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His indictment was insufficient; and

2. There was no probable cause to arrest him in the jury room, because the State did not observe him commit any crime.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

---

[1] In the third application, Petitioner challenged his eligibility for mandatory supervision.

[2] In the fourth application, Petitioner challenged his conviction.

[3] In the fifth application, Petitioner once again challenged his conviction.

2

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final prior to the enactment of the AEDPA.  Thus, absent any tolling, Petitioner had until April 24, 1997, to file an application for federal habeas relief challenging his original conviction.  Smith v. Ward, 209 F.3d 383, 384 (5th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).  Petitioner did not date his federal application for habeas corpus relief, which was received by the Court on October 2, 2014, long after the expiration of the one-year grace period.  None of Petitioner's state applications for habeas corpus relief operated to toll the limitations period.  The first two were filed an decided before the enactment of the AEDPA.  The last three were filed after the one-year grace period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the grace period.  Furthermore, Petitioner

3

has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

### V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of November, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE