IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 FEB -4  AM 9: 40
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

JAMES OTIS CLARY,

     **Petitioner,**

-vs-                Case No.  A-14-CA-912-SS

WILLIAM STEPHENS,

     **Respondent.**

_____

## O R D E R

  BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner James Otis Clary's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#5], Petitioner's Objections [#8] thereto, Petitioner's "Mot[io]n to dismiss the indictment for insufficient indic[t]ment" [#7], and Petitioner's Memorandum of Law Related to Writ of Habeas Corpus [#9]. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

  All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Petitioner is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.    Factual and Procedural History

Petitioner is presently incarcerated pursuant to a judgment and sentence rendered by the 277th Judicial District Court of Williamson County, Texas. Pursuant to a plea agreement, Petitioner was convicted of murder, and on September 19, 1985, was sentenced to life in prison. Petitioner waived his right to appeal.

Petitioner has since filed five state applications for habeas corpus relief which variously challenged his conviction and detention. On June 18, 1986, the first was denied without written order. *See Ex parte Clary*, No. 15,933-01. The second was denied on October 18, 1989. *Id.* at -02. Petitioner filed the third on February 25, 2010, and the Texas Court of Criminal Appeals (TCCA) denied it without written order on October 6, 2010. *Id.* at -03. The TCCA dismissed the fourth as noncompliant on May 23, 2012. *Id.* at -04. Finally, the TCCA dismissed the fifth as successive on August 20, 2014. *Id.* at -05. The instant petition followed.

### B.    Petitioner's Grounds for Relief

Petitioner raises two grounds for relief: (1) his indictment was insufficient[1]; and (2) there was no probable cause for his arrest, as the State did not observe him commit any crime.

---

[1] Petitioner also raises this issue in his "Mot[io]n to dismiss the indictment for insufficient indic[t]ment" [#7]. As insufficiency of the indictment is raised in Petitioner's § 2254 petition, the Court construes the motion as part of Petitioner's § 2254 petition.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for federal inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d)(1) provides:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. *Id.* at § 2244(d)(2).

Here, Petitioner's conviction became final prior to April 24, 1996, the date AEDPA was enacted. Federal habeas applicants whose convictions became final prior to enactment of AEDPA had until April 24, 1997 to file a federal habeas application. *Smith v. Ward*, 209 F.3d 383, 384 (5th Cir. 2000) (citing *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir. 1998)), *abrogated on other grounds by Wardlaw v. Cain*, 541 F.3d 275, 276 (5th Cir. 2008) (per curiam). As Petitioner did not file his application until October 2, 2014, it is untimely filed. None of Petitioner's state applications

for habeas relief operated to toll the limitations period, as the first two were filed before AEDPA was enacted and the last three were filed long after expiration of the one-year grace period.

The record reveals no unconstitutional state action which prevented Petitioner from filing nor demonstrates Petitioner lacked knowledge of the factual predicate of his claims until a certain date. Neither do Petitioner's claims concern a constitutional right newly recognized by the Supreme Court. Consequently, the Court agrees with the Magistrate Judge's conclusion Petitioner is not entitled to habeas relief. Petitioner's application for habeas relief is time-barred, and must be dismissed with prejudice.

### Conclusion

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner James Otis Clary's Objections [#8] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#5] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FURTHER ORDERED that Petitioner's "Mot[io]n to dismiss the indictment for insufficient indic[t]ment" [#7], which the Court construes as part of Petitioner's § 2254 petition, is DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the ___3rd___ day of February 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE